# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES, | Case No. 1:13-cv-01884 DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| S. HERRERA, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Juan Jaimes ("Plaintiff"), a state prisoner proceeding pro se, filed this action on November 21, 2013. Plaintiff names Correctional Officers S. Herrera, M. Lozano, J. J. Torres, Correctional Lt. J. Harden, Correctional Sergeant R. Molina, Dr. J. Akanno, Registered Nurses Moreno and N. Buschbacker as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 16, 2013.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at Corcoran State Prison ("CSP") in Corcoran, California. The events at issue occurred while Plaintiff was housed at Kern Valley State Prison.

Plaintiff alleges as follows. On April 6, 2012, Plaintiff suffered a back injury, specifically an L-1 vertebral burst fracture with compression. As a result of his injury, Plaintiff wears a back brace and walks with the aid of a cane.

On September 11, 2012, at approximately 6:15 a.m., Defendant J. J. Torres came to

2

Plaintiff's cell door and inquired whether Plaintiff was ready to go to court. Plaintiff asked for a few minutes to wash up, and Torres stated, "Yes, let me know when you are ready." A short time later, Torres returned and performed an unclothed body search, handcuffed him, grabbed him by the left arm, and escorted him to "Receiving and Release." Torres engaged in small talk with Plaintiff.

After they arrived at the program office area, Plaintiff was approached by Defendants S. Herrera and M. Lozano, who were Institutional Gang Investigators. Plaintiff was directed to open his mouth. Before they could finish their sentence, both Defendants Herrera and Lozano placed their hands and arms around Plaintiff's neck and choked him until he passed out. When Plaintiff awoke, Herrera was kneeing him viciously in the back and neck. Both Herrera and Lozano then picked Plaintiff up and slammed him to the ground. Plaintiff asked them, "What did I do?" Defendants Herrera and Lozano continued to beat him and applied their body weight to Plaintiff's back. Defendant Torres did nothing to stop Herrera and Lozano, did not press the alarm button, and did not write a report of what he saw.

Defendants Herrera and Lozano then escorted Plaintiff to Defendant Registered Nurse L. Moreno. Plaintiff requested to be examined. Nurse Moreno completed the CDC-7219 and released Plaintiff to Herrera and Lozano, who then took Plaintiff by van to court.

After court, Plaintiff was taken to the I.G.I. office where he was threatened that if he filed something describing what had occurred, he would be pulled out of his cell at 3:00 a.m. by officers in black clothing and beaten to death or hung.

After Plaintiff returned to prison from Kings County Superior Court, at approximately 12:00 p.m. to 12:30 p.m., Plaintiff was taken to the I.G.I. office where Defendants Harden, Herrera, Lozano, and Molina threatened his life. Plaintiff insisted on receiving medical care.

Harden, Herrera, Lozano, and Molina escorted Plaintiff to the A-Facility Medical Clinic where he saw Defendant Registered Nurse N. Buschbacker. Plaintiff states Buschbacker did not want to do anything at all and told him, "You're messing with my snack." Defendant Buschbacker looked at Plaintiff on his back and told Plaintiff, "There ain't nothing wrong with you." Plaintiff states Buschbacker did not refer him to a doctor or for x-rays.

After being released back to custody, Plaintiff complained of being in great pain and was taken to see Defendant Dr. Akanno. Dr. Akanno looked at Plaintiff, told him he was okay, gave Plaintiff a "Toradol pill," and released him back to custody.

Plaintiff was taken to Ad/Seg. Plaintiff states he had complications and pain in his back, neck, butt, and inside of the thigh. He states the pain later was so debilitating that he insisted on x-rays and learned his back was fractured and a vertebrae was broken. Plaintiff alleges Defendants Moreno, Buschbacker and Akanno failed to have him x-rayed on September 11, 2012, which resulted in unnecessary pain and suffering.

Plaintiff seeks damages in the amount of $250,000.00 from Defendants Herrera, Lozano, Torres, Harden and Molina, damages in the amount of $200,000.00 from Defendants Akanno, Buschbacker and Moreno, and damages in the amount of $150,000.00 from Defendants Herrera, Lozano, Harden, and Molina. He further seeks punitive damages of $50,000.00 against Herrera, Lozano, Harden, and Molina, $40,000.00 against Defendants Buschbacker, Akanno, and Moreno, and $30,000.00 against Defendant Torres.

**C.    DISCUSSION**

1.    Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks

4

omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

In addition, the failure to intervene can support an excessive force claim where the bystander-officer had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Based on the allegations in the complaint, Plaintiff states a claim of excessive force against Defendants Herrera and Lozano. In addition, Plaintiff states a claim of excessive force against Defendant Torres based on his alleged failure to intervene.

2. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

At the pleading stage, Plaintiff states a claim for failure to protect against Defendant Torres.

3. Assault and Battery

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in

subsections (b) and (c).

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. Id. (citation and quotations omitted).

Based on the allegations in the complaint, Plaintiff states a claim of battery against Defendants Herrera and Lozano. Plaintiff fails to state a claim of assault insofar as neither defendant threatened to touch Plaintiff prior to initiating contact.

### 4. Deliberate Indifference – Medical Care

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Id. at 837.

"Deliberate indifference is a high legal standard." <u>Toguchi</u>, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states he was escorted to Defendant Moreno and requested to be examined. Plaintiff states Nurse Moreno completed a CDC-7219 form and released Plaintiff to Defendants Herrera and Lozano. Plaintiff has attached the CDC-7219 form completed by Defendant Moreno as Exhibit E to his Complaint.

Plaintiff states Defendant Buschbacker also looked at Plaintiff as he was lying on his back and advised him that there was nothing wrong with him. Plaintiff states Buschbacker did not refer him to a doctor at that time.

Plaintiff states Defendant Akanno also reviewed Plaintiff's condition. Plaintiff has attached the doctor's treatment and medication notes as Exhibits D, E, and F to his complaint. Plaintiff states that Akanno determined that Plaintiff was okay and prescribed him medication for his pain.

Plaintiff's vague allegations fail to present a claim of deliberate indifference against any Defendant. Plaintiff does not state that he was refused medical treatment. Plaintiff may not agree with the treatment he was given, but "[a] difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." <u>Snow v. McDaniel</u>, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted).

Plaintiff states an x-ray conducted on September 11, 2012, revealed that he had suffered a fracture, and a vertebrae was broken. He cites to the radiology examination report of the exam conducted on September 11, 2012. <u>See</u> Pl.'s Compl., Ex. G. The document reveals that the fracture was not a result of anything the Defendants did. The report clearly states that the

7

compression fracture occurred in April of 2012, not September 11, 2012. Further, the report states that as compared to the July 17, 2012 examination, "no changes are noted."

Plaintiff fails to allege facts which demonstrate that any Defendant knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### 5. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff claims that Defendants Harden, Herrera, Lozano and Molina threatened his life if he filed anything on what had occurred. Despite the threats, Plaintiff filed appeals concerning their conduct. Insofar as Plaintiff fails to state that any Defendant took any action against Plaintiff because of Plaintiff's protected conduct, or that such action chilled Plaintiff's exercise of his First Amendment rights, Plaintiff fails to state a claim of retaliation.

### D. CONCLUSION AND ORDER

Plaintiff's complaint states the following cognizable claims: (1) excessive force in violation of the Eighth Amendment against Defendants Herrera, Lozano and Torres; (2) failure to protect in violation of the Eighth Amendment against Defendant Torres; and (3) battery against Defendants Herrera and Lozano. It does not state any further claims against any other Defendants.

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is notified that his amended complaint

supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff chooses to amend, this will be his final opportunity.

If Plaintiff is willing to proceed on his cognizable claims, he may notify the Court in writing. The Court will then dismiss Plaintiff's other claims and Defendants, and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claims identified above.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 17, 2014**            /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE