# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES, | Case No. 1:13-cv-01884 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS AS BARRED BY STATUTE OF LIMITATIONS |
| v. | |
| S. HERRERA, et al., | [ECF No. 25] |
| Defendants. | [THIRTY DAY DEADLINE] |

## I.    Procedural History

Plaintiff Juan Jaimes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2013.  This action is proceeding on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Herrera, Lozano and Torres[1]; (2) failure to protect in violation of the Eighth Amendment against Defendant Torres; and (3) battery against Defendants Herrera and Lozano. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. 636(c).

On May 19, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Herrera and Lozano filed a motion to dismiss Plaintiff's state law battery claim as barred by the six-month statute of limitations set forth in California's Government Claims Act.  Plaintiff filed an

---

[1] Pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, on May 19, 2015, Defendants filed and served a Notice of Defendant Torres' death.

opposition to the motion on June 22, 2015. Defendants filed a reply on June 30, 2015. The motion to dismiss has been submitted upon the record without oral argument. Local Rule 230(*l*). For the reasons which follow, the Court will recommend granting the motion with prejudice.

## II.    Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a court may consider a document provided by the defendants which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. Ritchie, 342 F.3d at 908; also Daniels-Hall, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any

doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997), cert. denied, 131 S.Ct. 3055 (2011). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

**III.**   **Discussion**

    **A.**   **Factual Background**

This action arises from the following events which were alleged to occur at Kern Valley State Prison on September 11, 2012.

At approximately 6:15 a.m., Defendant J. J. Torres came to Plaintiff's cell door and inquired whether Plaintiff was ready to go to court. Plaintiff asked for a few minutes to wash up, and Torres stated, "Yes, let me know when you are ready." A short time later, Torres returned and performed an unclothed body search, handcuffed him, grabbed him by the left arm, and escorted him to "Receiving and Release." Torres engaged in small talk with Plaintiff.

After they arrived at the program office area, Plaintiff was approached by Defendants S. Herrera and M. Lozano, who were Institutional Gang Investigators. Plaintiff was directed to open his mouth. Before they could finish their sentence, both Defendants Herrera and Lozano placed their hands and arms around Plaintiff's neck and choked him until he passed out. When Plaintiff awoke, Herrera was kneeing him viciously in the back and neck. Both Herrera and Lozano then picked Plaintiff up and slammed him to the ground. Plaintiff asked them, "What did I do?" Defendants Herrera and Lozano continued to beat him and applied their body weight to Plaintiff's back. Defendant Torres did nothing to stop Herrera and Lozano, did not press the alarm button, and did not write a report of what he saw.

3

### B.   Parties' Positions

Defendants argue that Plaintiff failed to timely file suit, entitling them to dismissal of the state law battery claim.   Defendants note that Plaintiff submitted a claim on February 28, 2013, with the Victim Compensation and Government Claims Board ("Claims Board"), and the claim was rejected on April 18, 2013.   The Claims Board notified Plaintiff on April 26, 2013. Defendants argue that the instant complaint, deposited in the mail according to the proof of service on November 17, 2013, was filed beyond the six month statute of limitations within which Plaintiff was required to initiate court action under the Government Claims Act.

In opposition, Plaintiff argues that the complaint is timely under the statute of limitations. In the alternative, he claims he is entitled to the application of equitable tolling.

### C.   Findings

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Suit must then be commenced not later than six months after the date the written notice was deposited in the mail.   Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010); Baines Pickwick Ltd. v. City of Los Angeles, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999).

However, California law also provides for equitable tolling during pursuit of administrative remedies.   Equitable tolling "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one."   McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted).   The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits

when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff=s claims - has been satisfied, <u>McDonald,</u> 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, <u>id</u>. at 101-03.   Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic.   <u>Id</u>. at 101 (quotation marks and citation omitted).

Here, Plaintiff's administrative remedies concluded on January 18, 2013, when his appeal was denied at the Third Level of Review. (Pl.'s Compl. Ex. D.)  Insofar as Plaintiff's pursuit of his administrative remedies concluded before he was notified by the Claims Board on April 26, 2013, of the denial of his claim, Plaintiff is not entitled to any equitable tolling.   <u>McDonald,</u> 45 Cal.4th at 88.

Therefore, Plaintiff had six months from April 26, 2013, to file suit.  He did not do so until November 17, 2013, which was beyond the six month period.   Accordingly, Defendants are entitled to dismissal of Plaintiff's state law battery claim on the ground that he failed to file suit within six months of the date his claim was rejected by the Claims Board.

///

///

///

///

///

///

///

///

///

///

///

///

///

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss be GRANTED and Plaintiff's state law battery claim be DISMISSED WITH PREJUDICE.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after date of service of these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __August 11, 2015__                        _____ /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE