# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES,<br><br>          Plaintiff,<br><br>     v.<br><br>S. HERRERA, et al.,<br><br>          Defendants. | Case No.  1:13-cv-01884 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>[ECF No. 42] |

Plaintiff Juan Jaimes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2013.

On October 17, 2014, the Court screened the Complaint and found certain claims cognizable.  Plaintiff was directed to inform the Court whether he wished to proceed with the cognizable claims, or file an amended complaint.  On January 23, 2015, Plaintiff notified the Court of his willingness to proceed with the cognizable claims.  Accordingly, on February 11, 2015, the Court dismissed all other claims and defendants, and issued service documents to Plaintiff for completion and return.  On March 4, 2015, Plaintiff returned the completed service documents, and on March 10, 2015, the U.S. Marshal was directed to serve Defendants S. Herrera, M. Lozano, and J. J. Torres.  On April 28, 2015, the waiver of service was returned executed as to Defendants Herrera and Lozano.  On May 19, 2015, Defendants Herrera and Lozano filed a motion to dismiss Plaintiff's state law claims for violation of the statute of

limitations.  Also on the same date, Defendants Herrera and Lozano notified the Court of Defendant Torres' death.  On August 11, 2015, the Court issued a Findings and Recommendation that recommended Defendants' motion to dismiss be granted.  The Findings and Recommendation is currently pending before the District Court.  On October 28, 2015, Defendant Torres was dismissed from the action.

On October 6, 2015, Plaintiff filed the instant motion for leave to amend the complaint. Since Plaintiff has filed this motion more than 21 days after service of a responsive pleading, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that Plaintiff may amend only with the opposing party's written consent or the court's leave, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  However, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.'" E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810, 103 S.Ct. 35 (1982)).

Here, Plaintiff seeks to file an amended complaint to cure any deficiencies and add new defendants and claims.  Defendants have not consented to the filing of an amended complaint, and Plaintiff offers no showing of cause to grant leave to amend.  Furthermore, since Plaintiff has already notified the Court of his intent to proceed on the cognizable claims, and Defendants have been served with the complaint and filed a response, the Court finds that allowing Plaintiff to amend at this time would prejudice Defendants and produce an undue delay in the litigation. Additionally, Plaintiff either knew or should have known of the facts upon which the proposed amendment is based but failed to include them in the original complaint.

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated: **November 3, 2015**     /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE

3