UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. HERRERA, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01884 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE INITIAL DISCLOSURES<br>[ECF No. 59]<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED |

Plaintiff Juan Jaimes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action on November 21, 2013.

On January 29, 2016, the Court issued a Discovery and Scheduling Order. In said order, the parties were ordered, *inter alia*, to provide initial disclosures no later than March 14, 2016. On April 22, 2016, Defendants filed a motion to compel Plaintiff to provide his initial disclosures. Plaintiff did not file an opposition. The motion is ripe for decision.

**DISCUSSION**

In the Court's Discovery and Scheduling Order of January 29, 2016, the parties were ordered to provide initial disclosures. As for his part, Plaintiff was ordered to comply as follows:

> Plaintiff shall provide Defendant with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his

1

> claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.
>
> Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control which he may use to support the allegation(s) in his complaint, or his claims or injury of damage.

(ECF No. 56 at 1-2.)

Defendants state they provided Plaintiff with their initial disclosures on March 14, 2016. Defendants state that Plaintiff failed to provide his initial disclosures. Defendants state they mailed a meet-and-confer letter to Plaintiff on March 30, 2016, requesting that Plaintiff provide his initial disclosures as ordered by the Court. Defendants state they did not receive a response. Defendants request an order compelling Plaintiff to provide initial disclosures and further request that the Court impose sanctions. Plaintiff did not file an opposition.

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement. Fed. R. Civ. P. 37(a)(1). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P 37(a)(5)(A). Rule 37(c)(1) further provides that a party who fails to make initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." In addition to this evidence preclusion sanction, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide initial disclosures. Fed.R.Civ.P. 37(c)(1)(A). Finally, Rule 37(b)(2)(C) provides for sanctions for violation of a Court's discovery order, and requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The burden is on Plaintiff to show that his failure

to provide initial disclosures was substantially justified or harmless to avoid sanctions.  See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Plaintiff has failed to abide by the Court's order directing him to provide initial disclosures. Accordingly, Defendants' Motion to Compel Plaintiff to provide initial disclosures is GRANTED.  Fed. R. Civ. P. 37(a)(1)(A).

Defendants further seek sanctions based on Plaintiff's violation of the Court's order requiring that the parties exchange initial disclosures.  District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed.R.Civ.P. 16(d).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (internal citation and quotations omitted).  Disregard of the terms of the scheduling order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." Id. The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir.2011) (citing Johnson, 975 F.2d at 607).

As noted above, Defendants attempted to meet and confer with Plaintiff in an attempt to obtain his initial disclosures, and Plaintiff did not respond.  Plaintiff will be directed to show cause why appropriate sanctions should not be awarded.

///
///
///
///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Defendants' motion to compel is GRANTED;

2) Plaintiff is ORDERED to provide his initial disclosures as set forth in the Court's Discovery and Scheduling Order (ECF No. 21) within thirty (30) days;

3) Plaintiff is ORDERED to SHOW CAUSE within fourteen (14) days why appropriate sanctions should not be imposed for his failure to comply with a court order.

IT IS SO ORDERED.

Dated: **June 7, 2016**                    /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE

4