UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JAIMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. HERRERA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01884 LJO DLB PC<br><br>ORDER RE: PLAINTIFF'S FAILURE TO PROVIDE INITIAL DISCLOSURES |

　　　　Plaintiff Juan Jaimes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed this action on November 21, 2013.

　　　　On January 29, 2016, the Court issued a Discovery and Scheduling Order. In said order, the parties were ordered, *inter alia*, to provide initial disclosures no later than March 14, 2016. On April 22, 2016, Defendants filed a motion to compel Plaintiff to provide his initial disclosures. Plaintiff did not file an opposition. On June 8, 2016, the Court granted Defendants' motion to compel initial disclosures. Plaintiff was directed to provide initial disclosures to Defendants and show cause within fourteen days why sanctions should not be imposed for failure to comply. Over fourteen days have passed and Plaintiff has failed to respond in any manner.

///

///

1

**DISCUSSION**

As stated in the Court's Discovery and Scheduling Order of January 29, 2016, the parties were ordered to provide initial disclosures. As for his part, Plaintiff was ordered to comply as follows:

> Plaintiff shall provide Defendant with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.
>
> Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control which he may use to support the allegation(s) in his complaint, or his claims of injury or damage.

(ECF No. 56 at 1-2.)

Plaintiff failed to comply. Pursuant to Federal Rule of Civil Procedure Rule 37(c)(1), a party who fails to make initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Accordingly, in any motion, hearing or trial in this case, Plaintiff will be barred from using any evidence derived from any individual likely to have information about the events described in his complaint or his claims of injury or damage, as well as any evidence in the form of documents or other tangible things in his possession, custody or control which could be used to support the allegations in his complaint, or his claims of injury or damage.

In addition to this evidence preclusion sanction, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide initial disclosures. Fed.R.Civ.P. 37(c)(1)(A). Finally, Rule 37(b)(2)(C) provides for sanctions for violation of a Court's discovery order, and requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The burden is on Plaintiff to show that his failure to provide initial disclosures was substantially justified or harmless to avoid sanctions. See Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Here, the Court does not find an award of monetary sanctions appropriate at this time.

///

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff is SANCTIONED for failing to provide initial disclosures as ordered by the Court.  Plaintiff will not be permitted to use any evidence in any motion, hearing or trial which should have been provided in his initial disclosures.

IT IS SO ORDERED.

Dated:   **July 6, 2016**                                   /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE